IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERNON DAVIS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:10-CV-1199-L-BK |
| | ) | |
| OFFICER TAYLOR, et al., | ) | |
|     Defendants. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

This is a civil rights action brought by a Dallas County jail inmate, Vernon Davis, pursuant to 42 U.S.C. § 1983. Plaintiff currently is incarcerated in the Dallas County Jail. Defendants are the following employees of Dallas County in Dallas, Texas: Officer Taylor of the Dallas County Sheriff's Office; Lupe Valdez, Sheriff of Dallas County; and Officer Bradley, the Inmate Labor Supervisor.

Plaintiff alleges in his complaint and response to the Court's questionnaire that, while he was working in the laundry area of the jail, Officer Taylor pushed a heavy laundry cart at him and it pinned him against a wall, breaking several bones in his left hand. (Doc. 1 at 4; Doc. 4 at 2). However, Plaintiff concedes that Officer Taylor acted only with negligence and pushed the cart toward him without meaning to harm him. (Doc. 4 at 2). With regard to Sheriff Valdez, Plaintiff contends that she failed to provide a safe work environment and prompt medical treatment for

him even though that ultimately is her responsibility. Nevertheless, he acknowledges that Sheriff Valdez had no personal involvement in the incident in question. (*Id.* at 3-4). Next, Plaintiff argues that Officer Bradley, who was Officer Taylor's supervisor, abandoned his post on the day of the incident, but if he had been present, Officer Taylor would not have acted carelessly in handling the laundry cart. Plaintiff maintains that Officer Bradley's neglect of his duties created an unsafe work environment. (*Id.* at 5).

Plaintiff also notes that due to his injury, he has lost the use of his left hand almost entirely. He claims that he was forced to wait for two days after his injury before he received medical treatment and a cast. Nevertheless, Plaintiff does not allege that any of the Defendants were involved in the delay of treatment. (*Id.* at 6-7). He seeks monetary damages of $250,000. (Doc. 1 at 4).

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b). (Doc. 6). Those statutes provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

**III.  SECTION 1983 CLAIMS**

Title 42 U.S.C. § 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under § 1983, Plaintiff must allege facts that show that (1) he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) the Defendants were acting under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

**A.  Sheriff Valdez**

Generally, an individual cannot be held liable in a § 1983 action unless he personally was involved in the alleged unconstitutional action.  *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).  For example, supervisory officials are not liable under § 1983 for the actions of their subordinates under a theory of vicarious liability.  *Id.*

Because Plaintiff does not allege any facts that indicate Sheriff Valdez's personal involvement in the alleged constitutional deprivations, and she cannot be held liable based on her supervisory capacity over Officers Taylor and Bradley, any claims against her should be dismissed with prejudice as frivolous.  *Id.*

**B.  Officers Taylor and Bradley**

Based on a liberal construction of his remaining claims, Plaintiff seems to be alleging either (1) an Eighth Amendment excessive force violation based on Officer Taylor pushing a laundry cart at him so forcefully that it broke his hand or (2) a Fourteenth Amendment due process violation based on Officer Taylor's carelessness, which action occurred based on Officer Bradley's neglect of his own duties.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (noting that

3

the Eighth Amendment places restraints on prison officials, who may not use excessive physical force against prisoners); *Daniels v. Williams*, 474 U.S. 327, 328, 330-32 (1986) (considering whether a jailer's negligence in creating a fall hazard was actionable under the Due Process Clause); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* litigants' pleadings must be liberally construed).

In excessive force cases, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5-6 (1992). In making this determination, the Court must determine whether Officer Taylor acted with deliberate indifference to Plaintiff's health or safety. *Hope v. Pelzer*, 536 U.S. 730, 737-38 (2002). Neither Eighth Amendment nor due process concerns are implicated by the *negligent* act of an official causing unintended physical injury. *Daniels*, 474 U.S. at 330 (due process context); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979) (Eighth Amendment context).

Plaintiff concedes in his pleadings that Officer Taylor did not intend to injure him, but did so through his negligence. Further, he alleges that the accident happened because Officer Bradley was negligent in leaving his post. Because the complaint is devoid of any allegations supporting a constitutional claim, and Plaintiff cannot raise a claim cognizable under § 1983 based only on negligence, his complaint should be dismissed with prejudice as frivolous. *Daniels*, 474 U.S. at 330; *Fielder*, 590 F.2d at 107. To the extent Plaintiff is attempting to recover damages based on the alleged delay in his medical treatment, his complaint should be dismissed as frivolous because he has not alleged that the named Defendants were involved in that delay.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily DISMISSED as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

Signed this 21st day of July, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.