IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VERNON DAVIS**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. **3:10-CV-1199-L** |
| | § | |
| **OFFICER TAYLOR, et al.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge, filed July 22, 2010, 2010 (the "Report"). On August 17, 2010, Plaintiff filed a "Notice of Appeal" with respect to the magistrate judge's Report but did not raise any specific objections to it.

Plaintiff Vernon Davis ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. He has brought claims pursuant to 42 U.S.C. § 1983 against Sheriff Lupe Valdez and two officers of the Dallas County Sheriff's Office. The magistrate judge recommends dismissing this action as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

With respect to the claims against Sheriff Valdez, the magistrate judge found that these claims should be dismissed with prejudice as frivolous because Sheriff Valdez had no personal involvement in the alleged constitutional violations. This holding is correct insofar as it goes; however, supervisory officials can be liable if "(i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993). In this case, Plaintiff has not alleged that Sheriff Valdez was personally involved in the alleged constitutional violation or that she implemented an unconstitutional policy that causally resulted in injury to him.

**Memorandum Opinion and Order– Page 1**

To the extent that Plaintiff filed objections to the Report, the court **overrules** them because he does not make any specific objection or argument. Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court **dismisses** this action **with prejudice** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**It is so ordered** this 20th day of August, 2010.

Sam A. Lindsay
United States District Judge